```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
MARCELLO POOLE,                        :
                                       :   Civil Action No. 11-3730 (MLC)
               Plaintiff,              :
                                       :       **MEMORANDUM & ORDER**
          v.                           :
                                       :
                                       :
MERCER COUNTY CORRECTION               :
CENTER, et al.,                        :
                                       :
               Defendants.             :
                                       :
```

Plaintiff, currently confined at Northern State Prison in Newark, New Jersey, seeks to bring a civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. 28 U.S.C. Section 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

A prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of the prisoner's inmate trust fund account statement for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which the prisoner was or is confined. Id.

Even if the prisoner is granted <u>in forma pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee. Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if the Court finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the complaint for any of these reasons, the prisoner will not get his filing fee back.

If the Plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action <u>in forma pauperis</u> unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1)-(2), as Plaintiff failed to provide a <u>certified</u> account statement.

**IT IS THEREFORE** on this     9th     day of September, 2011,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Bd. of Educ., 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that the Clerk of the Court send Plaintiff a blank form application to proceed in forma pauperis; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher U.S. Courthouse and Federal Bldg., 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a certified six-month prison account statement, or (2) the $350 filing fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court is directed to amend Plaintiff's address of record to the following: Marcello Poole, INM#656807/SBI#000182646E, Northern State Prison, P.O. Box 2300, Newark, New Jersey, 07114; and it is further

**ORDERED** that the Clerk of the Court (1) serve a copy of this Order upon Plaintiff by regular U.S. mail, and (2) designate the action as **CLOSED.**

                                              s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge