**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARCELLO POOLE, : | |
| : | CIVIL ACTION NO. 11-3730 (MLC) |
| Plaintiff, : | |
| : | **O P I N I O N** |
| v. : | |
| : | |
| MERCER COUNTY CORRECTION : | |
| CENTER, et al., : | |
| : | |
| Defendants. : | |

Plaintiff, Marcello Poole, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

The Court will review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should proceed in part.

---

[1] The Court previously denied Plaintiff's application for being incomplete. (See Docket Entry No. 3.) Plaintiff then filed a complete application and as such, the Court will reopen this case to review the complaint. (Docket Entry Nos. 4&5.)

**I.   BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Mercer County Correction Center ("MCCC"); Corrections Officer L. Klosinski; Corrections Officer K. Jones; Corrections Officer John Doe; and Warden Ellis.  The following factual allegations are taken from the complaint and accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On January 1, 2010, Plaintiff was beaten by about eight MS-13 gang members while he was being held at MCCC.  Defendants Klosinski and John Doe witnessed the assault and allowed it to occur for approximately five minutes before calling for help.

On February 11, 2010, Defendant Jones entered Plaintiff's cell and removed criminal complaint paperwork and other court documents.  Defendant Jones stated "you ain't filing nothing on my officers."

Defendant Warden Ellis was advised several times about placing Plaintiff back in the same unit with several members of the gang who were involved in the assault.  He failed to act on Plaintiff's grievances and failed to adequately train and supervise the officers.

Plaintiff alleges that Defendants Klosinski and Jones filed false disciplinary charges against him.  Plaintiff also alleges that he was denied access to the law library to continue his

filing of complaints. Plaintiff requests declaratory relief, injunctive relief, and monetary damages.

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for Sua Sponte Dismissal

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This action must be screened for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To prevent

3

a summary dismissal, a complaint must allege sufficient factual matter to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S.Ct. at 1948). A plaintiff must show that the allegations are plausible. See Iqbal, 129 S.Ct. at 1949-50; see also Twombly, 505 U.S. at 555 & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

To state a claim for relief under § 1983, a plaintiff must allege that a violation of a right secured by the Constitution or laws of the United States was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**B.  Analysis**

Plaintiff asserts claims for filing of false disciplinary charges; denial of access to the courts; failure to protect; and failure to supervise.

4

### 1. Claims against MCCC

A jail is not a "person" amenable to suit under 42 U.S.C. § 1983.  See Marsden v. Fed. BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (county jail not entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993) (county jail not "person" under § 1983); McCoy v. Chesapeake Corr. Ctr., 788 F.Supp. 890, 893-94 (E.D. Va. 1992) (local jail not "person" under § 1983).  Thus, all claims against MCCC must be dismissed.

### 2. False Disciplinary Charges

Plaintiff asserts that false disciplinary charges were filed against him.  However, the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.  See Mimms v. U.N.I.C.O.R., 386 Fed.Appx. 32, 36 (3d Cir. 2010) (citing Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002)); Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding "mere filing of [a false] charge itself" does not constitute cognizable claim under § 1983 so long as inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (finding that so long as prison officials provide prisoner with procedural requirements, then prisoner has not suffered constitutional violation); see also Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974) (inmate is entitled to (1) written

5

notice of charges and no less than 24 hours to marshal facts and prepare defense for appearance at disciplinary hearing; (2) written statement by fact finder as to evidence relied on and reasons for disciplinary action; and (3) opportunity to call witnesses and present documentary evidence in defense when to do so will not be unduly hazardous to institutional safety or correctional goals).

Plaintiff here does not allege that he was denied an institutional disciplinary hearing, an opportunity to present evidence to refute the charges, or any due process requirements. Rather, he merely alleges that he was accused of the false charges. Consequently, there are no factual allegations of wrongdoing that would rise to the level of a constitutional deprivation, and such claim will be dismissed.

### 3. Denial of Access to Courts

The "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). But that right of access is not unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of

6

any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996).

A prisoner alleging a violation of the right of access must show that prison officials caused the prisoner past or imminent "actual injury." See id. at 348-55 & n. 3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997); Abdul-Akbar v. McKelvie, 239 F.3d 307, 326 (3d Cir. 2001). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'-that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)).

Plaintiff here has failed to allege any actual injury from the lack of access to the law library and confiscation of legal materials. Plaintiff does not allege why he needs access to the law library or any claims that were lost as a result of the confiscation of the materials. Accordingly, Plaintiff does not sufficiently allege that he has suffered an actual injury. See Monroe v. Beard, 536 F.3d at 206. Therefore, this claim will be dismissed.

7

### 4. Remaining Claims

The Court finds that Plaintiff has alleged sufficient facts to allow his remaining claims to proceed past sua sponte screening.

### III. CONCLUSION

The claims against MCCC must be dismissed in their entirety. The claims regarding the false disciplinary charges and denial of access to the courts are dismissed. Plaintiff's remaining claims will be permitted to proceed. The Court will issue an appropriate order.

                                                s/ Mary L. Cooper  
                                                **MARY L. COOPER**  
                                                United States District Judge

Dated:  February 29, 2012