**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCELLO POOLE,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCER COUNTY CORRECTION CENTER, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-3730 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE PLAINTIFF**, pro se prisoner Marcello Poole, brought this action against the remaining defendants, Officer L. Klosinski, Officer K. Jones, and Warden Ellis (collectively, the "defendants"), for violations of his constitutional rights. (See dkt. entry no. 1, Compl.)

**THE DEFENDANTS** moved for summary judgment, on June 18, 2013, in their favor and against the plaintiff pursuant to Federal Rule of Civil Procedure 56 (the "Motion"). (See dkt. entry no. 30, Notice of Mot.; dkt. entry no. 23-1, Defs.' Br.) The Magistrate Judge instructed the plaintiff to file any opposition to the Motion no later than July 22, 2013. (See dkt. entry no. 29, 6-18-2013 Letter Order.) The plaintiff did not file opposition by July 22, 2013.

**THE MAGISTRATE JUDGE**, by Letter Order dated January 9, 2014, directed the plaintiff to send a letter to the Court by January 28,

2014 - if he intended to file an opposition to the Motion – (1) explaining why he did not file opposition by July 22, 2013, and (2) requesting permission to file opposition to the Motion out of time. (See dkt. entry no. 31, 1-9-14 Letter Order.)  The Magistrate Judge mailed the January 9, 2014 Letter Order to the plaintiff at the following address:

> Marcello Poole
> INM656807
> Northern State Prison
> SBI#000182646E
> PO Box 2300
> Newark, NJ 07114

The Magistrate Judge mailed the January 9, 2014 Letter Order to the above address because the most recent correspondence from the plaintiff included a return address indicating that he remained incarcerated at that address.  (See dkt. entry no. 21, 2-22-13 Letter from Marcello Poole.)  Indeed, the defendants led the Magistrate Judge to believe that the plaintiff remained incarcerated there.  (See Notice of Mot. at 1 (listing Newark address for plaintiff).)

**THE PLAINTIFF**, however, was actually transferred to Southern State Correctional Facility, 4295 Rt. 47, Delmont, NJ, 08314 at some time prior to the date the January 9, 2014 Letter Order was mailed to him.  The plaintiff never advised the Court of any change in his address in contravention to Local Civil Rule 10.1(a), which states in relevant part that "unrepresented parties must advise the

Court of any change in their . . . address within seven days of . . . such change by filing a notice of said change with the Clerk." L.Civ.R. 10.1(a).

**THE MAGISTRATE JUDGE** – as the plaintiff failed to advise the Court of the change in his address – thus had to mail another Letter Order to the plaintiff.  (See generally dkt. entry no. 32, 2-11-14 Letter Order.)  The February 11, 2014 Letter Order states that if the plaintiff intends to file an opposition to the Motion, the plaintiff is required to send a letter to the Court by March 4, 2014 explaining why he did not file by July 22, 2013 and requesting permission to file opposition to the Motion out of time.  (See id.)

**THE COURT** is aware that the plaintiff is a pro se prisoner litigant and recognizes that pro se litigants are traditionally given greater leeway where they have not followed the technical rules of pleading and procedure.  See Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993).  Furthermore, the Court has the inherent power to control its own docket by issuing a stay.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (stating "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (noting district court exercised its inherent power to control its docket).

3

**THE COURT** thus intends to stay and administratively terminate the Motion, pending whether the Court receives a response from the plaintiff to the February 11, 2014 Letter Order.  Should the plaintiff not send such a letter to the Court by March 4, 2014, the Court will decide the Motion on the merits.  See <u>Xenos v. Hawbecker</u>, 441 Fed.Appx. 128, 131 (3d Cir. 2011) ("[U]nless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed — for instance, when the plaintiff is represented by counsel — we have expressed a preference for an assessment of the complaint on its merits."); <u>Tygart v. AM Resorts, LLC</u>, No. 11-3714, 2011 WL 4402549, at *4 (E.D.Pa. Sept. 22, 2011) ("When a party fails to respond to a motion for summary judgment, a court must nevertheless address the merits of the unopposed motion.").

**THE COURT** will enter an appropriate Order.

                                                   s/ Mary L. Cooper            
                                              **MARY L. COOPER**
                                              United States District Judge

Dated: February 21, 2014

4